UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
APR 15 2011
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| LISA M. RENE,<br><br>Plaintiff,<br><br>v.<br><br>G.F. FISHERS, INC., G.F. OREGON, INC., DANIEL S. AUSTAD, REBECCA SUSAN AUSTAD, and DEAN AUSTAD,<br><br>Defendants. | CASE NO.<br><br>**1:11-cv-0514 WTL-TAB**<br><br>COMPLAINT and JURY DEMAND |

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for statutory and actual damages, punitive damages, costs of the action and a reasonable attorney's fee brought by Lisa M. Rene for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq., Stored Electronic Communications Act, 18 U.S.C. § 2701 et seq., and Indiana Wiretap Act, Indiana Code § 35-33.5-5-4.

### II. JURISDICTION

2. Jurisdiction of this court arises under 18 U.S.C. § 1331 and 28 U.S.C. § 1367.

### III. PLAINTIFF

3. Plaintiff Lisa M. Rene is a natural person residing in Whiteland, Indiana.

### IV. DEFENDANTS

4. Defendant G.F. Fishers, Inc. is a for-profit domestic corporation with its principal place of business in Indianapolis, Indiana.

5. Defendant G.F. Oregon, Inc. is a for-profit foreign corporation with its principal place of business in Tigard, Oregon.

6. Defendants Daniel S. Austad and Rebecca Susan Austad are natural persons believed to be residing in Woodburn, Oregon.

7. Defendant Dean Austad is a natural person whose present residence is unknown.

## V. STATEMENT OF FACTS

8. Plaintiff Lisa M. Rene became employed by Defendants G.F. Fishers, Inc. and/or G.F. Oregon, Inc. on or about January 1, 2009.

9. Ms. Rene worked at the Southport store, located at 6905 S. Emerson Street, Suite B, Indianapolis, Indiana 46237.

10. Ms. Rene's position required her to use the store's personal computer.

11. Personal use of the store's personal computer was prohibited.

12. On one occasion, Defendant Rebecca Susan Austad authorized Ms. Rene's use of the computer to access her personal checking account with Old National Bank.

13. On multiple occasions, Defendants Daniel S. Austad and Rebecca Susan Austad authorized Ms. Rene's use of the computer to access her personal gmail e-mail account.

14. At some time unknown to Ms. Rene, but believed to be before Plaintiff was hired, Defendants installed keylogger software on the company personal computer.

15. Defendants did not advise Ms. Rene at the time she was hired that the company personal computer had keylogger software installed.

16. Sometime after she was hired, Defendants advised Ms. Rene and other store employees that the store's personal computer had keylogger software installed.

17. The keylogger software recorded all keystrokes on the store's personal computer and transmitted that information periodically to the e-mail address of Dean Austad and/or other Defendants.

18. Dean Austad and/or other Defendants accessed their e-mail containing the information from the keylogger software from computers located in Oregon and states other than Indiana.

19. Defendants used the information from the keylogger software to obtain Ms. Rene's gmail e-mail account password and, directly or from Ms. Rene's gmail e-mail account, her personal checking account password.

20. Defendants used Ms. Rene's personal checking account password to access - from computers located in Indiana, Oregon and other states - and view her personal checking account online.

21. Defendants used Ms. Rene's gmail e-mail account password to access access - from computers located in Indiana, Oregon and other states - her gmail e-mail account and view e-mails contained therein.

22. Defendants also forwarded - from computers located in Indiana, Oregon and other states - some of the e-mails in Ms. Rene's gmail e-mail account to their own e-mail accounts.

23. Defendants discussed and otherwise disclosed to each other the contents of e-mails they viewed in Ms. Rene's gmail e-mail account and information obtained from viewing Ms. Rene's personal checking account online.

24. On or about May 28, 2009, Ms. Rene first discovered that Defendants were accessing her gmail account.

25. On or about May 28, 2009, Ms. Rene first discovered that Defendants were accessing her personal checking account.

26. Ms. Rene confronted Defendant Daniel S. Austad concerning Defendants' unauthorized access to her personal accounts on June 4, 2009.

27. Shortly thereafter, Defendant undertook to falsely document poor performance by Ms. Rene for the purpose of ultimately terminating her because she discovered Defendants' unauthorized access to her accounts and confronted them.

28. On or about June 22, 2009, Defendants terminated Ms. Rene for the sole or primary reason that she discovered Defendants' unauthorized access to her accounts and confronted them.

## VI. CLAIMS FOR RELIEF

### A. Electronic Communications Privacy Act

29. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty eight above.

30. Defendants violated the Electronic Communications Privacy Act. These violations include, but are not limited to:

    (a) Intentionally intercepting or procuring another person to intentionally intercept an electronic communication in violation of 18 U.S.C. § 2511(a);

    (b) Intentionally disclosing, or endeavoring to disclose, the contents of an electronic communication knowing or having reason to know that the information was obtained by interception in violation of 18 U.S.C. § 2511(c);

(c) Intentionally using, or endeavoring to use, the contents of an electronic communication knowing or having reason to know that the information was obtained by interception in violation of 18 U.S.C. § 2511(d).

31. As a result of these violations of the Electronic Communications Privacy Act, Defendants are liable to Plaintiff for her actual damages or statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

### B. Stored Electronic Communications Act

32. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty eight above.

33. Defendants violated the Stored Electronic Communications Act. These violations include, but are not limited to:

(a) Intentionally accessing without authorization a facility through which an electronic communications service is provided and obtaining access to an electronic communication while it is in electronic storage in violation of 18 U.S.C. § 2701(a).

34. As a result of this violation of the Store Electronic Communications Act, Defendants are liable to Plaintiff for her actual damages or statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

### C. Indiana Wiretap Act

35. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty eight above.

36. Defendants violated the Indiana Wiretap Act. These violations include, but are not limited to:

a. Intercepting or procuring another person to intercept a communication in violation of Indiana Code § 35-33.5-5-4(a);

b. Disclosing or procuring another person to disclose a communication in violation of Indiana Code § 35-33.5-5-4(a);

c. Using or procuring another person to use a communication in violation of Indiana Code § 35-33.5-5-4(a).

37. As a result of this violation of the Indiana Wiretap Act, Defendants are liable to Plaintiff for her actual damages or liquidated damages, punitive damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants in an amount that will compensate her for her actual damages and/or statutory damages and/or liquidated damages, punitive damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/The
Law Office of Robert E. Duff
380 Mount Zion Road, Suite C
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
380 Mount Zion Road, Suite C
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com