UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA M. RENE, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| vs. ) | Cause No. 1:11-cv-514-WTL-TAB |
| ) | |
| G.F. FISHERS, INC., et al., ) | |
| ) | |
| Defendants/Counterclaimants. ) | |

### ENTRY ON COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM

This cause is before the Court on the Counterclaim Defendant's motion to dismiss the Counterclaim for failure to state a claim upon which relief can be granted. (Dkt. 35.) The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I. STANDARD

In reviewing a motion to dismiss a counterclaim under Rule 12(b)(6), the Court must take the facts alleged in the counterclaim as true and draw all reasonable inferences in favor of the counterclaimant. The counterclaim must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

A counterclaimant's brief may clarify lingering uncertainty about the allegations in the counterclaim. *See Pegram v. Herdrich*, 530 U.S. 211, 230 (2000). The facts alleged in a

counterclaimant's briefs may be considered so long as the brief's allegations are consistent with the counterclaim. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542, n.1 (7th Cir. 2008). Finding the Counterclaimants' allegations consistent with their Counterclaim, the Court considers and accepts as true the additional facts alleged in the Counterclaimants' brief.

## II. FACTUAL BACKGROUND

The facts as alleged in the Counterclaim and brief in opposition to the instant motion are as follow.

In January 2009, Counterclaim Defendant Lisa M. Rene ("Rene") was hired to work at the Good Feet store located in Southport, Indiana. Daniel and Rebecca Austad (together with their company, G.F. Fishers, Inc., "the Counterclaimants") owned and operated the store. In April 2009, Rene used a computer inside the store to create an email account with the address "goodfeetsp@gmail.com." On learning of the email account, Rebecca Austad asked Rene for the password to the account, and Rene shared it with her. Rebecca then told Daniel Austad about the account, and he confronted Rene, told her she lacked authority to create an email account for the store, and ordered her to immediately discontinue any use of the account. Rene nevertheless accessed the account on June 12, June 23, and July 2, 2009. For reasons not identified in the Counterclaim or brief, Rene's employment with G.F. Fishers was terminated sometime between June 12 and June 23, 2009.

In April 2011, Rene filed this case alleging that the Counterclaimants had violated the Federal Wiretap Act, the Indiana Wiretap Act, and the Stored Communications Act by accessing the email account without her authorization. In September 2011, the Court granted the Counterclaimants' motion to dismiss Rene's Federal Wiretap Act claim. Rene's claims under the Indiana Wiretap Act and the Stored Communications Act remain pending. The Counterclaimants

filed their Counterclaim in June 2012, and Rene responded with this timely motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## III. DISCUSSION

The Stored Communications Act ("SCA") prohibits "intentionally accessing without authorization a facility through which an electronic communication service is provided," and thereby obtaining access to an "electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a). It also provides for the recovery of civil damages by a person aggrieved by a violation of the Act. 18 U.S.C. § 2702(a).

The issue before the Court is whether the Counterclaimants have pled facts sufficient to show that Rene accessed the account without authorization. The Counterclaimants allege that Rene accessed the account on three occasions and argue that her use of the account was necessarily unauthorized because the Counterclaimants owned the account and forbade her to access it. Emphasizing that Rene created the account while working at the Good Feet store, using a store computer, and using the store's name and location, the Counterclaimants assert that anything an employee creates in the course of her employment becomes the employer's exclusive property. Therefore, they conclude, the email account became the Counterclaimants' exclusive property when Rene created it, and Rene violated the SCA by accessing the account after Daniel Austad instructed her to discontinue her use of it. Rene contends that, even if the Counterclaimants are correct, they have barred their own recovery by alleging that she was never authorized to create the account.

At this stage, the Counterclaimants' allegations are sufficient to avoid dismissal. Property disputes between employers and employees are governed by state law, *Baltimore Orioles, Inc. v. Major League Baseball Players Assoc.*, 805 F.2d 663, 680-81 (7th Cir. 1986), and the Court

3

finds some support under Indiana law for the Counterclaimants' position that an employee's creations become her employer's exclusive property. *See, e.g.*, *N. Elec. Co. v. Torma*, 819 N.E.2d 417, 422-25 (Ind. Ct. App. 2006); *Pape v. Lathrop*, 46 N.E. 154, 158 (Ind. App. 1897). Indiana law further contemplates that even unauthorized actions may fall within the scope of a person's employment. *See, e.g.*, *Stropes by Taylor v. Heritage House Children's Ctr.*, 547 N.E.2d 244, 247-49 (Ind. 1989); *Interim Healthcare of Fort Wayne, Inc. v. Moyer*, 746 N.E.2d 429, 433 (Ind. Ct. App. 2001). By alleging that Rene created the account while working at the store, using a store computer and the store's name and location, and by alleging that Daniel Austad told Rene that her creation and use of the account were unauthorized, the Counterclaimants have articulated facts that, if proven, would plausibly allow recovery.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Counterclaim Defendant's motion to dismiss the Counterclaimants' complaint.

SO ORDERED:   10/22/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.